286 S.E.2d 643 (1982)
Sidney Ronald STANLEY
v.
RETIREMENT AND HEALTH BENEFITS DIVISION, DEPT. OF STATE TREASURER, State of North Carolina.
No. 8110SC468.
Court of Appeals of North Carolina.
February 2, 1982.
*644 Moretz & Moore by J. Douglas Moretz, Sanford, for petitioner-appellant.
Atty. Gen. Rufus L. Edmisten by Associate Attys. Gen. Norma S. Harrell and Lucien Capone, III, Raleigh, for respondent-appellee.
HARRY C. MARTIN, Judge.
We are concerned here with a comprehensive statutory scheme encompassing retirement, disability, and death benefits for state employees. Petitioner challenges the constitutionality of this scheme on equal protection grounds. The death benefit provision reads in pertinent part as follows:
(l) Death Benefit.Upon receipt of proof, satisfactory to the Board of Trustees, of the death, in service, of a member who had completed at least one full calendar year of membership in the System, there shall be paid to such person ... if such person is living at the time of the member's death, otherwise to the member's legal representatives, a death benefit.
N.C.Gen.Stat. § 135-5(l) (1974) (amended 1981 & Supp.1981).[1] N.C.G.S. § 135-1(23) defines "service" as "service as a teacher." N.C.G.S. § 135-1(25) defines "teacher" as
any teacher, helping teacher, librarian, principal, supervisor, superintendent of public schools or any full-time employee, city or county, superintendent of public *645 instruction, or any full-time employee of Department of Public Instruction, president, dean or teacher, or any full-time employee in any educational institution supported by and under the control of the State: Provided, that the term "teacher" shall not include any part-time, temporary, or substitute teacher or employee
....
Thus, under this portion of the statute, Mrs. Stanley was in service as a teacher at the time of her death. Her career contract was still in force; her leave of absence status had not been reinstated; she simply had not been assigned to a classroom.
N.C.G.S. § 135-5(l)(2) goes on to state, however, that:
For the purposes of this subsection (l), a member shall be deemed to be in service at the date of his death if his last day of actual service occurred not more than 90 days before the date of his death.
....
(2) Last day of actual service shall be:
a. When employment has been terminated, the last day the member actually worked.
b. When employment has not been terminated, the date on which an absent member's sick and annual leave expire, unless he is on approved leave of absence and is in service under the provisions of G.S. 135-4(h).
It is respondent's contention that the "90 day deemed" rule precludes petitioner's recovery of a death benefit inasmuch as a period exceeding ninety days elapsed between 8 June 1974[2] and 9 October 1974, the date of Mrs. Stanley's death. We do not agree.
We adopt petitioner's position that the "90 day deemed" rule is an inclusionary provision, not an exclusionary provision. We do not view it as an arbitrary cut-off point applicable to employees who, although still under contract, due to lingering illness fail to die within ninety days. Rather, the provision was inserted to extend death benefit coverage to teachers whose work schedule may be interrupted during the summer months. This is particularly necessary when a teacher is employed on a year-to-year contract. Further, the ninety-day provision would apply when a career teacher was granted a nonacademic leave of absence and died within ninety days thereafter.
We have reviewed the statutory provisions in N.C.G.S. 135 in their entirety and conclude that this interpretation is consistent with the overall policies of the retirement, disability and death benefit scheme. The intent of the statute is not to exclude, but to include state employees under an umbrella of protections designed to provide maximum security in their work environment and to afford "a measure of freedom from apprehension of old age and disability." Bridges v. Charlotte, 221 N.C. 472, 477, 20 S.E.2d 825, 829 (1942). Accord, Powell v. State Retirement System, 3 N.C. App. 39, 164 S.E.2d 80 (1968). To this end, employees who have been granted a leave of absence for educational purposes may remain in service. N.C.Gen.Stat. §§ 135-4(h), -8(b)(5) (1974). Also deemed in service are members whose "last day of actual service occurred not more than 366 days before the date of his death if such member during said one-year period had applied for and was entitled to receive a disability retirement allowance under the System." N.C.Gen.Stat. § 135-5(l) (Supp.1981). Respondent's interpretation of the statute not only contravenes these policies but, to the detriment of the public school system, would force terminally ill teachers to continue teaching well beyond their physical and emotional capacity to do so, in order to ensure their families the death benefit.
We are further persuaded by the reasoning in Meachan v. Board of Education, 47 N.C.App. 271, 267 S.E.2d 349 (1980). In that case plaintiff, a career teacher, while on a medical leave of absence applied for and was granted disability retirement benefits. The Court held that the implicit finding *646 that her disability was likely to be permanent rendered "her status as a disabled retiree wholly inconsistent with her former status as a `career teacher.'" Id. at 276, 267 S.E.2d at 352. Thus, plaintiff's status as a career teacher terminated by operation of law. In the case sub judice, Mrs. Stanley did not apply for disability benefits until one day prior to her death. Her status as a career teacher would only have been terminated by the approval of her application for disability benefits. Thus, her contract was in full force until her death.
The leave of absence granted Mrs. Stanley on 25 June 1974 was terminated the next day, 26 June 1974, by the school board's assigning her to teaching duties. The school board approved her resignation from this assignment on 27 August 1974. Mrs. Stanley did not thereafter request a further leave of absence, nor did the board thereafter approve any subsequent leave of absence. We hold that Mrs. Stanley was not on leave of absence at the time of her death. Therefore, under the facts of this case, the provisions of N.C.G.S. § 135-5(l)(2)(a), (b) (the ninety-day provision) and N.C.G.S. § 135-4(h) and -8(b)(5) are not applicable.
We note that in spite of our construction of the statute in question, a teacher who is forced to take a leave of absence because of illness is faced with a dilemma. By failing to apply for disability benefits, the teacher may forego these benefits, as well as death benefits, should she die. By accepting disability benefits, although ensuring her right to death benefits should she die within a year, the teacher foregoes her right to return to the classroom should she recover. We also note that at the time of Mrs. Stanley's death, a decision to take a leave of absence and/or apply for disability would have been considerably more harsh as the 366-day rule was not in effect at that time.
We hold that N.C.G.S. § 135-5(l) is constitutional on its face and, consistent with the interpretation set forth above, is constitutional as applied. At her death Mrs. Stanley was a public school teacher under a career contract. She was a teacher in service as defined by the statute and her beneficiary is entitled to receive the statutory death benefits.
Reversed.
ARNOLD and WELLS, JJ., concur.
NOTES
[1] Petitioner, through his attorney, formally demanded a death benefit by letter dated 10 October 1978. We are thus deciding this case under the 1974 statute. N.C.G.S. § 135-5(l) was amended effective 1 July 1979. N.C.Gen.Stat. § 135-5 (1981). For the current version of the statute, see N.C.Gen.Stat. § 135-5 (Supp.1981).
[2] Mrs. Stanley had remaining only one-half day of sick leave.