MARY LITTLE GARRETT v. TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM OF NORTH CAROLINA, BY AND THROUGH ITS BOARD OF TRUSTEES

No. 875SC1253

(Filed 20 September 1988)

Retirement Systems § 5— death occurring more than 90 days after last day of actual service — what constitutes last day of actual service

A state employee's last day of service occurred on 18 July 1981, the date his sick and annual leave expired, rather than on 25 February 1982, the day his position was vacated; therefore, plaintiff beneficiary was not entitled to the statutory death benefit provided under N.C.G.S. § 135-5(1) because the employee's death on 1 March 1982 occurred more than ninety days after his last day of actual service, and he was thus not "in service" at the time of his death.

Judge BECTON concurring in the result.

APPEAL by respondent Teachers' and State Employees' Retirement System from *Barefoot, Judge.* Judgment entered 5 October 1987 in PENDER County Superior Court. Heard in the Court of Appeals 29 August 1988.

This appeal arises from a judgment awarding petitioner the statutory death benefit provided under N.C. Gen. Stat. § 135-5(1) (1979). Charles D. Garrett enrolled in the Teachers' and State Employees' Retirement System (hereinafter "the System") on 26 July 1979, and began working as a prison guard for the North Carolina Department of Correction on 14 August 1979. On 6 June 1981 he had a seizure while on duty in the guard tower at the Pender Prison Unit, and was hospitalized. He remained in the hospital until his death, 268 days later, on 1 March 1982.

Mr. Garrett was placed on leave without pay on 18 July 1981, when he exhausted all accumulated annual and sick leave. He

received a favorable performance evaluation from his supervisor on 14 August 1981, but was notified on 23 February 1982 that his position had been vacated. He was also told that his state salary continuation payments would not be affected and that accommodations for him would be made if he were able to return to duty. The trial court found that he had not been terminated from his employment.

Mr. Garrett's employee handbook described the death benefit as follows:

> After one year of employment, members of the Teachers' and State Employees' Retirement System automatically are eligible for a death benefit. It is free, but cannot be transferred if you should leave State service.
>
> The beneficiary is paid an amount equal to the employee's salary earned in the year before death. This is paid in a lump sum, not over $20,000.00.

His widow, as designated beneficiary, applied for the benefit but the System ruled her ineligible. Finding that petitioner's last day of actual service occurred more than ninety days before his death, the System determined that he was precluded from recovering the death benefit under N.C. Gen. Stat. § 135-5(1) (1979). Petitioner appealed to the System's Board of Trustees, which affirmed the ruling. On appeal from the final agency decision the trial court reversed and ordered that the petitioner recover the statutory death benefit in the amount of $11,377.70.

*Moore & Lee, by Mary E. Lee, for petitioner-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Norma S. Harrell, for respondent-appellant.*

WELLS, Judge.

Respondent raises several assignments of error concerning the standard of review under the North Carolina Administrative Procedure Act, N.C. Gen. Stat. §§ 150B-1-64 (1987), but we do not deem it necessary to reach them on this appeal.

This case involves the interpretation of the "in service" provisions of N.C. Gen. Stat. § 135-5(1) (1979) (current version N.C.

Gen. Stat. § 135-5(1) (1987) ). The relevant portions of the death benefit provisions of the statute are as follows:

> Upon receipt of proof, satisfactory to the Board of Trustees in their capacity as trustees under the Group Life Insurance Plan, of the death, in service, of a member who had completed at least one full calendar year of membership in the Retirement System, there shall be paid to such person as he shall have nominated . . ., a death benefit.
>
> . . .
>
> For the purposes of this Plan, a member shall be deemed to be in service at the date of his death if his last day of actual service occurred not more than 90 days before the date of his death . . . .
>
> In administration of the death benefit the following shall apply:
>
> . . .
>
> (2) Last day of actual service shall be:
>
> > a. When employment has been terminated, the last day the member actually worked.
> >
> > b. When employment has not been terminated, the date on which an absent member's sick and annual leave expire, unless he is on approved leave of absence and is in service under the provisions of G.S. 135-4(h).
>
> (3) For a period when a member is on leave of absence, his status with respect to the death benefit will be determined by the provisions of G.S. 135-4(h).

In *Stanley v. Retirement and Health Benefits Division*, 55 N.C. App. 588, 286 S.E. 2d 643, *petition for review denied*, 305 N.C. 587, 292 S.E. 2d 571 (1982), relied upon by petitioner, this Court reversed the denial of the death benefit to a teacher's widower, holding that the teacher was "in service" when she died. Mrs. Stanley had taught until 7 June 1974, but applied for a year's leave of absence due to illness. Her health subsequently improved and on 26 June 1974 she was assigned to begin teaching again the following September. Her condition declined during the summer and she resigned the new position on 12 August 1974.

She died on 9 October 1974. The System denied her widower's request for the death benefit, finding that more than ninety days elapsed from the date her leave ran out, 8 June 1974, to the date of her death. This Court disagreed with the System's restrictive interpretation and held that because the leave of absence was terminated on 26 June 1974, she had returned to service after 8 June 1974.

While recognizing the principles involved in *Stanley*, including our interpretation of the "90 day deemed in service" (or 180 days, under the current version of N.C. Gen. Stat. § 135-5(1) (1987)) rule as an inclusionary provision, we hold, however, that the petitioner in the case at bar clearly does not qualify for the statutory death benefit.

The trial court having found that Mr. Garrett's employment had not been terminated, the N.C. Gen. Stat. § 135-5(1)(2)(b) (1979) becomes applicable in this case. This section of the statute provides that Mr. Garrett's last day of service occurred on 18 July 1981, the date his sick and annual leave expired. We disagree with petitioner's argument that his last day of service was the day his position was vacated, 25 February 1982. Mr. Garrett did nothing to indicate a return to actual service after his hospitalization on 6 June 1981. This case cannot be analogized to *Stanley* where the teacher's attempted return to the classroom advanced her last day of actual service.

Mr. Garrett did not contribute to the Retirement System after being placed on leave without pay, so the possible extension provided by § 135-4(h) (1979) for plan members who contribute while on leave of absence does not apply. Because his death occurred more than ninety days after his last day of actual service, Mr. Garrett was not in service at the time of his death and his beneficiary is not eligible for the death benefit.

The trial court emphasized the portion of Mr. Garrett's employee handbook that described the death benefit. Although the handbook description may be sufficiently vague to mislead an employee about its availability, we hold that the handbook provision created no contractual agreement to provide a death benefit. *See, e.g., Harris v. Duke Power Co.*, 319 N.C. 627, 356 S.E. 2d 357 (1987).

For reasons stated, the judgment of the trial court must be reversed.

Reversed.

Judge PHILLIPS concurs.

Judge BECTON concurs in the result.

Judge BECTON concurring in the result.

The Legislature has spoken, and I reluctantly concur in the result.