MOLLY WIEBENSON, Petitioner v. BOARD OF TRUSTEES, TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent

No. 390PA96

(Filed 11 April 1997)

**Public Officers and Employees § 42 (NCI4th)— shared position—six-month rotation—state employee**

Petitioner was a full-time employee and member of the Retirement System at all times that she was working, and is entitled to credit for those years of service as reflected in the retirement records submitted to her by the State, where she shared a position with another person, each working six months per year. The final sentence of N.C.G.S. § 135-1(10), which defines "employee," is a provision of inclusion and does not require that all employees in any situation meet those specifications to qualify; the courts below incorrectly interpreted the final sentence to exclude petitioner. Under N.C.G.S. § 135-3, petitioner's member-

ship in the Retirement System began when she was originally employed by the Department of Human Resources in 1971 as a full-time, permanent employee; after thirteen years, on 31 May 1984, she went on an approved leave of absence for six months; she was reinstated to her prior status working full-time on 1 December 1984; and she went on several more periodic, approved leaves of absence which did not cause her to become a part-time employee. The North Carolina Administrative Code provides that periods of leave without pay do not constitute a break in service.

**Am Jur 2d, Civil Service §§ 13, 15, 16, 59.**

On petition for writ of certiorari pursuant to N.C.G.S. § 7A-32(b) of a unanimous decision of the Court of Appeals, 123 N.C. App. 246, 472 S.E.2d 592 (1996), reversing and remanding a judgment entered 7 June 1995 in Superior Court, Buncombe County, by Winner, J., said judgment adopting the recommended decision of an administrative law judge approved by respondent Board of Trustees. Heard in the Supreme Court 19 March 1997.

*Thomas D. Roberts for petitioner-appellee.*

*Michael F. Easley, Attorney General, by Robert M. Curran, Assistant Attorney General, for respondent-appellant.*

ORR, Justice.

Petitioner Molly Wiebenson was a career state employee, working full-time for the Department of Human Resources as a rehabilitation therapist at the Alcoholic Rehabilitation Center (ARC) in Black Mountain, North Carolina, beginning in 1971. During this time, petitioner was a member of the Teachers' and State Employees' Retirement System (Retirement System). In 1981, the General Assembly enacted a work-options program for state employees which was designed to improve employee morale and productivity by providing options for flexible work hours, job sharing, and permanent part-time positions. *See* N.C.G.S. § 126-75 (1995); 25 NCAC 1C .0509 (February 1996).

In 1984, petitioner and Evelyn Brank, another rehabilitation therapist at the ARC, approached Millard P. Hall, Jr., the director of the ARC, to inquire about sharing one position, each working six months per year. Petitioner and Ms. Brank sought assurances that their retirement eligibility with the State would not be jeopardized by partici-

pating in the job-sharing program. Mr. Hall sent them a memorandum in which he stated that he had "pursued this with the DHR Personnel" and that it would be possible for petitioner and Ms. Brank to share one position. Mr. Hall further stated:

> During the six months each of you work per year your Retirement, Insurance and other deductions you may have will be processed through the normal channels of deductions of payroll. During the months you are on leave you will be able to pay to the system your portion of these benefits and be maintained within the Retirement[,] Insurance and other benefit packages you are currently enrolled in.

Thereafter, petitioner and Ms. Brank decided to pursue the job-sharing option, and from 31 May 1984 through 19 January 1992, petitioner worked approximately six months per year at the ARC. The Retirement System continued to accept the retirement contributions deducted from petitioner's paycheck and to provide petitioner with annual statements, showing that she was accumulating retirement credit each year from 1984 through 1990. In fact, the annual retirement account statements sent to petitioner from 1985 through 1990 reflect a percentage of each year of service toward retirement and a cumulative figure. For example, the 1985 statement indicates that petitioner accrued ".5833" years of service toward her retirement in 1985, giving her a total of "13.0833" years of service toward retirement. In 1986, petitioner accumulated "0.500" years of service for a total of "13.5833" years. In late 1991, petitioner began making inquiries to the Retirement System in preparation for retirement. In an 18 November 1991 letter, J. Marshall Barnes, III, deputy director of the Department of State Treasurer, informed petitioner that the job-sharing arrangement did not allow her to participate in the Retirement System, and therefore petitioner had not been a member of the system since May 1984. Mr. Barnes' letter informed petitioner that the Retirement System would refund all retirement contributions plus interest that petitioner had made during the time she participated in the job-sharing program.

Petitioner petitioned the Office of Administrative Hearings for a contested-case hearing. After a hearing, an administrative law judge entered a recommended decision on 26 May 1994, concluding that petitioner was not an "employee" within the meaning of N.C.G.S. § 135-1(10) during the years that she participated in the job-sharing program because the statute requires a minimum of nine months of

employment per year. On 11 August 1994, State Treasurer Harlan E. Boyles entered a final agency decision adopting the recommended decision. Superior Court Judge Winner upheld the recommended decision on 7 June 1995. The Court of Appeals reversed and remanded.

The Court of Appeals first agreed that petitioner was not an "employee" eligible to participate in the Retirement System because N.C.G.S. § 135-1(10) required that employees work at least nine months per year. However, the Court of Appeals reasoned that in his memo to petitioner, the ARC director purported to be an agent of the Retirement System, and the Retirement System ratified the director's representations to petitioner by continuing to accept her contributions to the retirement system and by continuing to send her yearly statements indicating that petitioner was still a participating member of the Retirement System. We conclude, however, that petitioner remained an "employee" under N.C.G.S. § 135-1(10) during the period of time when she participated in the job-sharing program and was working full time. Therefore, we affirm the decision of the Court of Appeals, but for a different reason.

N.C.G.S. § 135-3(1) provides in part that "membership in the Retirement System shall begin immediately upon the election, appointment or employment of a 'teacher or employee,' as the terms are defined in this Chapter." N.C.G.S. § 135-1(10) defines the term "employee." The statute first provides that " '[e]mployee' shall mean all full-time employees, agents or officers of the State of North Carolina . . . : Provided that the term 'employee' shall not include . . . any part-time or temporary employee." The statute then contains a series of provisions of inclusion, listing types of employees who are covered by the statute, such as employees of the General Assembly and the National Guard. The final sentence provides that "[e]mployees of State agencies . . . who are employed in permanent job positions on a recurring basis and who work 30 or more hours per week for nine or more months per calendar year are covered by the provisions of this subdivision."

In *Stanley v. Retirement & Health Benefits Div.*, 55 N.C. App. 588, 286 S.E.2d 643, *disc. rev. denied*, 305 N.C. 587, 292 S.E.2d 571 (1982), the Court of Appeals reviewed another provision of chapter 135, which dealt with a teacher's entitlement to death benefits. The Retirement System argued that the provision excluded the petitioner's recovery of a death benefit. However, the Court of Appeals

WIEBENSON v. BD. OF TRUSTEES, STATE EMPLOYEES' RET. SYS.

[345 N.C. 734 (1997)]

held that the statutory provision in question was a provision of inclusion rather than a provision of exclusion and therefore did not apply to exclude the petitioner's recovery of a death benefit. The court stated:

> We have reviewed the statutory provisions in N.C.G.S. 135 in their entirety and conclude that this interpretation is consistent with the overall policies of the retirement, disability and death benefit scheme. The intent of the statute is not to exclude, but to include state employees under an umbrella of protections designed to provide maximum security in their work environment and to afford "a measure of freedom from apprehension of old age and disability." *Bridges v. Charlotte*, 221 N.C. 472, 477, 20 S.E.2d 825, 829 (1942).

*Stanley*, 55 N.C. App. at 591, 286 S.E.2d at 645.

Similarly, we conclude that the final sentence of N.C.G.S. § 135-1(10) is also a provision of inclusion and does not require that all employees in any situation meet these specifications to qualify. Instead, the sentence serves the purpose of including a certain subset of employees who meet the specifications, such as those working a teacher's schedule. Thus, the courts below incorrectly interpreted the final sentence of N.C.G.S. § 135-1(10) to exclude petitioner.

Under N.C.G.S. § 135-3, petitioner's membership in the Retirement System began when she was originally employed by the Department of Human Resources in 1971 as a full-time, permanent employee. After thirteen years of service as a full-time, permanent employee, on 31 May 1984, petitioner went on an approved leave of absence for six months. Subsequently, on 1 December 1984, petitioner was reinstated to her prior status working full time. Petitioner went on several more periodic, approved leaves of absence. Counsel for respondent acknowledged at oral argument that petitioner went on approved leaves of absence, and the letter included in the record sent to petitioner by Mr. Hall, director of the ARC, specifically refers to "the months you are on leave." While the petitioner's personnel records, attached to her brief, reflect a series of leaves of absence, they were not introduced into evidence below. Regardless, there is other uncontradicted evidence, as noted, that petitioner took regular approved leaves of absence between periods of full-time employment with the State. These leaves of absence did not cause petitioner to become a part-time employee. Instead, during the times that she was working full time, she acted and was treated by the State as a full-

time employee. When she was on approved leaves of absence, she was not working, and was on approved leave-without-pay status. The North Carolina Administrative Code provides that "[p]eriods of leave without pay do not constitute a break in service," 25 NCAC 1D .1003 (November 1995).

Under the facts before us, petitioner was a full-time employee and member of the Retirement System at all times that she was working, and is entitled to credit for those years of service as reflected in the retirement records submitted to her by the State. The decision of the Court of Appeals is

MODIFIED AND AFFIRMED.